NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0851n.06

No. 11-5706

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Aug 07, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| PATRICK MARIO JACKSON, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM.  Patrick Mario Jackson appeals the district court's denial of his motion to suppress the ammunition seized during the warrantless search of his bedroom.  The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed.  Fed. R. App. P. 34(a).  For the reasons articulated below, we affirm.

During a search of Jackson's bedroom, Chattanooga (Tennessee) Police Officer Lewis Davis seized a bag containing "several miscellaneous sorts of ammunition, ranging from 7.62 millimeter down to 22 millimeter, including shotgun casings, magazines used for pistols, holsters for containing a firearm."  A federal grand jury charged Jackson with being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1).  Jackson moved to suppress the ammunition on the grounds that it was obtained in violation of the Fourth Amendment.  A magistrate judge conducted a hearing on Jackson's motion and was presented with two versions of the events—one from Officer Davis and the other from Jackson.

---

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

The magistrate judge subsequently credited Officer Davis's testimony and recommended denying Jackson's motion to suppress. Over Jackson's objections, the district court adopted the magistrate judge's recommendation and denied th motion to suppress. Thereafter, Jackson and the United States entered into a plea agreement in which Jackson pleaded guilty but reserved his right to appeal the denial of his suppression motion. The district court sentenced Jackson to 180 months of imprisonment.

We review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Campbell*, 549 F.3d 364, 370 (6th Cir. 2008). In an appeal from a denial of a motion to suppress we will review the evidence in the light most favorable to the prosecution. *Id*.

"[A] search conducted pursuant to a valid consent is constitutionally permissible." *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973). Further, "the question whether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." *Id*. at 227. Thus, the district court's finding regarding Jackson's consent to search his bedroom can be disturbed only if it is clearly erroneous. *See United States v. Erwin*, 155 F.3d 818, 823 (6th Cir. 1998).

The evidence supports the magistrate judge's conclusion that Jackson consented to the search of his room. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985). Given that the magistrate judge was presented with two versions of the same events, her adoption of Officer Davis's testimony does not constitute reversible error. *See id.*; *Erwin*, 155 F.3d at 823.

The district court's judgment is affirmed.